KOPPEL INDUSTRIAL CAR & EQUIPMENT Co., demandante, apelante y apelada, *v.* CENTRAL VICTORIA, INC., demandada, apelada y apelante.

Nos. 6619 y 6624.—*Sometidos:* Noviembre 12, 1935. *Resueltos:* Enero 30, 1936.

*Henry G. Molina* y *Santiago de la Fuente,* abogados de la apelante y apelada; *C. Coll Cuchí, G. Silva* y *Víctor A. Coll,* abogados de la apelada y apelante.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Koppel Industrial Car & Equipment Co. reclama de Central Victoria, Inc., que es una corporación debidamente organizada bajo las leyes de Puerto Rico, el importe de ciertos materiales que se describen en la siguiente orden que enviara la demandada a la demandante por medio de su agente en Puerto Rico J. Ochoa & Hno.:

"Piezas de repuesto para nuestra locomotora alemana No. 4210 de 1910.

Referencia: Catálogo No. 817 de Orenstein & Koppel. 2 (dos) Bielas Motrices, derecha e izquierda, con cojinetes delanteros y traseros, según figs. 18, 128 y 129, pág. 24. (Los cojinetes sin terminar interiormente). 2 (dos) Bielas de acoplamiento, derecha e izquierda, con sus cojinetes según F. en la pág. 24. (Los cojinetes deben quedar idénticos a los antes mencionados.) Entrega: A la mayor brevedad posible."

Se alega que la demandada compró los referidos materiales a la demandante la cual cumplió fiel y exactamente con

dicha orden entregando a la brevedad posible todos los materiales ordenados; que la demandada recibió dichos materiales allá por el día 27 de noviembre de 1929, o con anterioridad a esa fecha, y que de acuerdo con los términos de la venta debió haber satisfecho a la demandante la cantidad de $840.50, importe de los materiales, dentro del término de treinta días después de dicha fecha.

La demandada acepta el hecho de la compra; niega que la demandante cumpliese fiel y exactamente con el pedido y alega que las piezas de repuesto que fueron enviadas a la demandada por la demandante no correspondían a las descripciones hechas en la orden y eran totalmente distintas, de clase y de dibujo diferentes, y no respondían a las figuras de la página 24 del catálogo a que se refería la orden de la demandada, habiendo sido totalmente inútiles e inservibles para dicha demandada, quien lo comunicó así a la demandante, dejando dichas piezas a su disposición. Se alega además que el valor de la orden a que se refiere la demanda es solamente de $710, aun cuando la demandada reconoce que en virtud de otras órdenes estaba adeudando y adeuda en la actualidad a la demandante la suma de $130.50, cuyo importe ofreció y consigna juntamente con la contestación, por pertenecer a la referida demandante.

La corte inferior declaró con lugar la demanda y condenó a la Central Victoria, Inc., a pagar a la demandante la suma solicitada, con sus intereses al 6 por ciento anual desde el 22 de diciembre de 1929, sin especial condenación de costas. Contra esta sentencia apelaron ambas partes: la demandada contra el pronunciamiento que la condena a pagar el importe de los materiales y sus intereses; la demandante por haberse dictado sentencia a su favor sin especial condenación de costas.

En apoyo del recurso interpuesto alega la demandada que la corte sentenciadora erró al declarar que en este caso la equivocación no fué mutua al extremo de invalidar el convenio y al dictar sentencia en contra de la demandada.

De acuerdo con la prueba la demandada y apelante era dueña de una locomotora marcada con el número 4204. Las piezas de repuesto se pidieron para una locomotora marcada con el número 4210. La demandada admite su error, pero alega que la demandante incurrió en error también, porque las piezas remitidas no se ajustan a las descripciones que aparecen en la página 24 del catálogo. La demandante niega que hubo tal error y sobre este extremo versa toda la controversia. La cuestión planteada aparece resuelta por la corte inferior en la siguiente forma:

"El pedido de las piezas de repuesto en cuanto a las bielas motrices y de acoplamiento para una locomotora alemana No. 4210 de 1910, se hizo por la demandada, según expresa la propia orden, por el catálogo No. 817 de Orenstein & Koppel y en donde aparece en su página 3 una 'advertencia' que dice así:

" 'A continuación publicamos una relación e ilustraciones completas de las partes componentes de una locomotora. Para evitar equivocaciones y retrasos en la ejecución de los pedidos será necesario indicar siempre el número de fábrica de la locomotora para la cual están destinadas las piezas que se piden, puesto que nuestros modelos corrientes pueden haber sufrido modificaciones en el ínterin.'

"De la declaración de George W. Grazer, agente de la demandante, aparece que la demandada sufrió un error al dar el número de fábrica de la locomotora, pues las piezas de repuesto se pidieron para una locomotora alemana No. 4210, que es de seis ruedas, cuando la locomotora de la demandada es No. 4204, de cuatro ruedas solamente. Pero la demandada sostiene que habiendo la demandante fabricado ambas locomotoras, debía saber para quién y en qué países habían sido vendidas y que debió ver además que la descripción de la orden con referencia al catálogo no correspondía al número de la locomotora, por lo que no debió arriesgarse a despachar la orden sin haber antes hecho una rectificación.

"La evidencia no demuestra que la demandante, al despachar las piezas, tuviera conocimiento de que la locomotora de la demandada, para la cual se pedían las piezas de repuesto, fuera No. 4204, de cuatro ruedas.

"En lo que respecta a las bielas motrices, no existe evidencia alguna de que la demandante se hubiera equivocado al despacharlas. La contención se ha limitado en lo que se refiere a las bielas de aco-

plamiento remitidas, que sólo pueden usarse en locomotoras de seis ruedas.

"El testigo Grazer parece contradecirse en su testimonio al contestar las preguntas de una y otra parte, dando a entender que se pidieron dos bielas de acoplamiento y se enviaron cuatro, distintas al diseño o ilustración que aparece en el catálogo No. 817 de Orenstein & Koppel, a la página 24; pero finalmente declaró dicho testigo, en substancia, que todo lo que conecta de la primera rueda hasta la última de cada lado de una locomotora es una biela, no importa las partes de que se compone, y que la fábrica despachó el pedido, esto es, dos bielas de acoplamiento para locomotoras No. 4210, de acuerdo con el dibujo o figura que aparece en el catálogo, con la diferencia que tienen una pieza adicional cada una, porque dicha locomotora es de seis ruedas, o sea para conectar un par de ruedas más.

"Claramente aparece que la demandada pidió las bielas de acoplamiento para locomotora No. 4210, sufriendo así una equivocación, a pesar de la advertencia de la fábrica, y debe sufrir las consecuencias de su error, lo que se hubiera evitado si antes de expedir la orden de compra se hubiera fijado en el número de su locomotora y examina ésta, como lo hizo el agente de la demandada al notificársele de que las piezas no se ajustaban o servían para la misma.''

Las conclusiones de la corte inferior constituyen a nuestro juicio una correcta apreciación de la prueba practicada. Las bielas motrices y de acoplamiento pedidas para la locomotora No. 4210 que era de seis ruedas no pudieron ser utilizadas para la locomotora de la demandada No. 4204, que era de cuatro ruedas. Al tener noticia de esta dificultad el Sr. George W. Grazer, representante de la demandante, examinó la locomotora sin que fuera posible ver el número. Luego, después de quitarle la pintura, se dió cuenta de que el número era 4204, y que la demandada había incurrido en una equivocación al solicitar las piezas de repuesto para la locomotora marcada con el número 4210. La demandante entonces hizo gestiones con la fábrica para ver si podían utilizar las piezas, lo cual les fué imposible, porque existían solamente dos locomotoras del estilo 4204 que no podían ser localizadas. Se ofreció como prueba y se admitió sin oposición copia de una carta dirigida a la demandante por Bessler, Waechter & Co., Ltd., agente de la fábrica Orenstein Koppel

Co., para demostrar los esfuerzos realizados en ese sentido. En dicha carta se exponen las razones que impedían aceptar la devolución de las bielas y se dice además lo siguiente:

"Deseamos mencionar con respecto a la manifestación que ustedes hacen en su carta en el sentido de que nuestra fábrica se equivocó al enviarles bielas para una locomotora distinta, que las ilustraciones que aparecen en nuestro catálogo de piezas de repuesto para locomotoras no se refieren a piezas de una locomotora en particular.

"Son solamente ilustraciones que permiten que nuestros clientes identifiquen las piezas que necesitan, sean éstas para locomotoras de cuatro, seis u ocho ruedas. El número correcto de la locomotora debe ser enviado en la orden para asegurar el suministro de las piezas correctamente, así como se requiere especialmente en el último párrafo de la advertencia que aparece en la página 3 del catálogo, número 817. Por lo tanto, como su cliente no nos envió el número correcto no puede imputársele a nuestra fábrica un error en este caso."

De acuerdo con la carta que antecede los modelos que aparecen en el catálogo no se refieren a piezas de una locomotora en particular. Y se llama la atención de que, para evitar equivocaciones, el número correcto de la locomotora debe ser enviado en la orden para asegurar el suministro de las piezas pedidas según se requiere en el catálogo. La parte demandada apelante hace hincapié en el testimonio de George W. Grazer, quien a su juicio se contradijo, admitiendo cuando respondía a sus preguntas, que la demandante se equivocó al despachar las bielas pedidas, y expresándose de distinto modo al responder al interrogatorio de su abogado el Sr. Henry Molina. A nuestro juicio más que contradicción existió cierta confusión de parte de este testigo hasta el momento en que pudo penetrarse del interrogatorio que se le hacía. Contestando al abogado de la demandada, Sr. Coll Cuchí, el testigo declara que se enviaron cuatro bielas de acoplamiento y que la demandada pedía dos. Inmediatamente dice que las bielas de acoplamiento pueden ser seis partes, dos partes, una parte; que todo depende del número de ruedas que tenga la

locomotora. Al preguntarle el referido abogado por qué la fábrica mandó cuatro y echó a un lado el pedido de dos, responde: "Porque la locomotora 4210 necesita cuatro bielas de acoplamiento. Como yo expliqué antes, las bielas de acoplamiento hay una a cada lado de la locomotora; si la locomotora tiene cuatro ruedas, seis ruedas u ocho ruedas, todo lo que conecta de la primera rueda hasta la última es una biela; no importa si tiene dos partes, seis partes, eso es la conexión en todas sus ruedas." A preguntas del Sr. Molina declara que la locomotora de seis ruedas tiene una biela de acoplamiento a cada lado y que se llama biela de acoplamiento si son así de largo, o si se conectan cuatro, seis u ocho ruedas. En la factura de la demandante, despachada antes de conocerse el error, figuran dos bielas de acoplamiento y no cuatro, como alega la demandada. Lo dicho en esta factura concuerda con la aclaración del testigo. En estas razones se basa la corte inferior para decir que el Sr. Grazer, aunque parece contradecirse, declara finalmente que todo lo que conecta de la primera rueda hasta la última de cada lado de una locomotora es una biela, no importa las partes de que se componga, y que la fábrica despachó el pedido, esto es, dos bielas de acoplamiento para la locomotora No. 4210, de acuerdo con el dibujo o figura que aparece en el católogo. En resumen, la demandante ha demostrado fuera de toda duda que la demandada sufrió una equivocación, y la demandada no ha podido convencernos de que la demandante incurriera en error.

En cuanto al pronunciamiento sobre costas, nos inclinamos a respetar el criterio de la corte inferior en el ejercicio de sus facultades discrecionales.

*Debe confirmarse la sentencia apelada.*